UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARIA A. GALLEGOS,

        Plaintiff,

  v.

        Case No. 19-cv-1642-pp

ANDREW M. SAUL,

        Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 3)**

    The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying her claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. She also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

    To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

    Based on the facts in the plaintiff's affidavit, the court concludes that she does not have the ability to pay the filing fee. The plaintiff's affidavit indicates that she is not employed, she is married, and she has three children ranging in age from 5 to 16. Dkt. No. 3 at 1. The plaintiff's husband has monthly wages or salary of $1,600 and the family's monthly expenses total $1,750 ($750 rent, $100 credit card payments, $900 other household expenses). Id. at 2-3. The

plaintiff and her husband own two cars (a Honda and a Toyota Corolla although the plaintiff is unsure of their value), they own their home (with approximately $10,000 in equity), they own no other property of value, and they have approximately $10 in cash on hand or in a checking or savings account Id. at 3-4. The plaintiff states, "My husband supports me and our 3 kids and we do not have any extra money." Id. at 4. The plaintiff has demonstrated that she cannot pay the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint indicates that she was denied Social Security benefits by the Commissioner, that the plaintiff was disabled during the time period included in this case, and that the Commissioner's unfavorable conclusions and findings of fact when denying benefits to the plaintiff are not supported by substantial evidence and/or are contrary to law. Dkt. No. 1 at 2. At this early stage in the case, and based on the information in the plaintiff's

complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

Dated in Milwaukee, Wisconsin this 13th day of November, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**